# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | CIVIL NO. 3:CV-11-0054 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Jose Cristobal Cardona ("Plaintiff" or "Cardona"), an inmate presently confined at the United States Penitentiary Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action pro se by filing a Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) This case is proceeding on his Amended Complaint (Doc. 19), filed on June 7, 2011. Service of the Amended Complaint was directed by Order dated June 27, 2011 (Doc. 25), and after obtaining an extension of time, on October 31, 2011, a Motion to Dismiss and for Summary Judgment was filed on behalf of Defendants (Doc. 68).

Three (3) Motions filed by Plaintiff presently are before the Court: (1) a Motion requesting the Court to compel Defendants to allow Plaintiff to prepare documents related to this action via electronic means (Doc. 61); (2) a Motion requesting leave to supplement the Amended Complaint (Doc. 64); and (3) a Motion seeking to compel this Court to rule on the aforementioned Motions (Doc. 85). For the reasons set forth herein, the first two Motions will be denied, and, in light of those rulings, the third Motion will be denied as moot.

I.    **Motion to Compel (Doc. 61)**

In his Motion, Cardona explains that, as reflected by all of his filings in this case to date,

he only has access to a pen to prepare his documents. (Doc. 61 ¶ 3.) He characterizes the

method of handwriting documents as "substandard and archaic." (Id.) He therefore invokes

this Court's authority pursuant to 28 U.S.C. § 1361[1] to issue a writ of mandamus directing the

staff at USP Lewisburg to provide him with a means of preparing his documents in this litigation

via one of three (3) electronic means that he has outlined in his Motion.[2] (Id. ¶¶ 6-8; Doc. 62,

Pl.'s Br., at 2.)

Cardona identifies the duty that is owed to him as one requiring BOP staff to "assist

[him] in the preparation and filing of meaningful legal papers" to facilitate his First Amendment

right of access to the court. (See id. at 3 § B (quoting Bounds v. Smith, 430 U.S. 817, 828

(1977).) Cardona suggests that it is likely in response to the United States Supreme Court's

---

[1] 28 U.S.C. § 1361 provides that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2] The three (3) proposed methods include: **(1)** providing Cardona with an Alphasmart, which he describes as a device containing a keyboard with an LED screen that runs on AA batteries and from which documents can be printed if BOP staff provide him with access to a printer and USB cord either at the law library or directly at his cell by running a cable to a printer placed outside his cell through his food slot; **(2)** activating the public messaging (electronic mail) component of Cardona's BOP TRULINCS account, setting up a link to this Court's CM/ECF System to allow him to access the docket in this case, and adding a "formatting tool bar" to enable him to properly format his documents before filing them through the CM/ECF System; or **(3)** adding a word processing program into Cardona's TRULINCS account so that he could type his documents in the proper format, print them, and submit hard copies to the Court. (Doc. 61 ¶¶ 6-8.)

decision in <u>Bounds</u> that the BOP promulgated 28 C.F.R. § 543.11(h)[3], which he describes as a regulation that "requires that federal inmates be provided access to a typewriter to prepare legal documents." (<u>See</u> <u>id.</u>)  Cardona then suggests that, even though this Court has authority to compel Defendants to comply with the literal language of 28 C.F.R. § 543.11(h), "the spirit and the intent of that regulation" could be carried out by instead compelling Defendants to provide Cardona with access to one of the three (3) methods he has proposed for preparing his documents via electronic means. (<u>See</u> <u>id.</u> at 4.)

A writ of mandamus is an extraordinary remedy in that it "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." <u>See</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 616-17 (1984) (citations omitted).  Accordingly, the United States Supreme Court has held that, for mandamus relief to be granted, the following conditions must be met: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. <u>See</u> <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980); <u>Kerr v. United States District Court</u>, 426

---

[3]28 C.F.R. § 543.11(h) states as follows: "**Unless clearly impractical**, the Warden shall allow an inmate preparing legal documents to use a typewriter, or if the inmate cannot type, to have another inmate type his documents.  The Warden may allow the inmate to hire a public stenographer to type documents outside the institution, but the institution may not assume the expense of hiring the public stenographer.  Staff shall advise the inmate of any delay in the typing of which they have received notice from the stenographer." 28 U.S.C. § 543.11(h) (emphasis added).

3

U.S. 394, 403 (1976); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982).

Notwithstanding any analysis of the merits of this Motion, we must deny it because to properly invoke this Court's jurisdiction to issue a writ of mandamus pursuant to 28 U.S.C. § 1361, Cardona would be required to initiate a separate action by filing a complaint for writ of mandamus.  Cardona cannot evade the $350.00 filing fee that would be required to initiate such an action by filing a mandamus petition styled as a motion in this pending Bivens civil rights action.  Accordingly, we shall deny Cardona's Motion to Compel (Doc. 61) without prejudice to his right to reassert his claim in a properly filed action in the nature of mandamus under the provisions of 28 U.S.C. § 1361.[4]

## II.   Motion for Leave to Supplement Amended Complaint (Doc. 64)

Cardona seeks leave to supplement his Amended Complaint (Doc. 19) with claims against eight (8) new Defendants, including seven (7) members of the corrections staff and one (1) member of the medical staff at USP Lewisburg, based upon events that occurred in June and July 2011. (See Doc. 64-1, Proposed Supplemental Pleading.)  He alleges that he was subjected to excessive force during an incident that occurred on June 30, 2011 in the Special Management Unit ("SMU") of USP Lewisburg where he allegedly was "brutally assaulted" while being placed in restraints after he refused to accept a new cell mate.  (Id. ¶¶ 11-16.)  He also alleges that Physician Assistant ("PA") Hemphill denied medical treatment for his resulting

---

[4]The Court expresses no opinion on the merits, if any, of any complaint for writ of mandamus Cardona may file based upon his assertions in the instant Motion to Compel (Doc. 61).

injuries. (Id. ¶ 17.) In addition, he alleges that, on July 1, 2011, after he agreed to accept a cell mate and was taken out of restraints, his law books and legal materials were confiscated, he was not given a confiscation form, and his requests for forms to exhaust his administrative remedies were denied. (Id. ¶¶ 20-21.) Cardona also alleges that, on July 19, 2011, he was assaulted by a fellow inmate, and PA Hemphill again denied him medical treatment for his injuries. (Id. ¶ 22.) Finally, Cardona alleges that, on July 23, 2011, he was provided with a memorandum regarding recreational radio participation courses for incentive programs, which he cites as evidence of a violation of the Fair Claims Act. (Id. ¶ 23.)

Federal Rule of Civil Procedure 15(d) provides as follows:

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1506 (3d ed. 1998). The granting of a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. In exercising this discretion, a trial court may consider several factors, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a

5

plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the

action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). In addition, it has been

held that a court may deny leave to file a supplemental complaint where the new proposed

pleading relates "only indirectly, if at all to the original complaint" and the new cause of action

"arose [out] of an entirely unrelated set of facts" and is "related to a defendant not implicated in

the original complaint." Id. (citations omitted).

In the instant case, Cardona seeks to add claims to this lawsuit against eight (8) entirely

new Defendants based upon events that occurred in June and July 2011, six (6) months after

he filed the instant action. Although he initially sought to supplement his Amended Complaint

by Motion filed on July 28, 2011 (Doc. 37), by Order dated September 9, 2011 (Doc. 42), that

Motion was deemed withdrawn as a result of Cardona's failure to file a supporting brief, and the

instant Motion seeking leave to amend was filed on October 31, 2011, the same date on which

Defendants responded to the Amended Complaint by filing a Motion to Dismiss and for

Summary Judgment (Doc. 68). The proposed supplemental pleading (Doc. 64-1) relates only

indirectly to the Amended Complaint to the extent that the allegations in both pleadings relate to

events that occurred in the USP Lewisburg SMU. Apart from that indirect link, the claims that

Cardona seeks to add are based on an entirely new set of events involving eight (8) new

Defendants and therefore are unrelated to his claims in his Amended Complaint. Thus, we find

that to allow this proposed supplementation by Cardona would be prejudicial to Defendants and

that it would needlessly delay disposition of this case, particularly where a dispositive motion

has been filed on behalf of Defendants; in contrast, there is little if any prejudice to Cardona in denying his Motion as he may pursue his claims in a new civil rights action if he so chooses. Accordingly, we shall deny Cardona's Motion seeking leave to supplement his Amended Complaint.

### III. Motion to Compel Court to Rule on Motions (Doc. 85)

On December 15, 2011, Cardona filed a Motion seeking to compel this Court to rule on the Motions that have been disposed of in this Memorandum and Order. In light of the fact that we have disposed of these Motions, we shall deny Cardona's Motion as moot.

### IV. Conclusion

Based on the foregoing, we shall deny Plaintiff's Motion requesting the Court to compel Defendants to allow Plaintiff to prepare documents related to this action via electronic means (Doc. 61); we shall deny Plaintiff's Motion to Supplement his Amended Complaint (Doc. 64); and we shall deny as moot Plaintiff's Motion seeking to compel this Court to rule on the aforementioned Motions (Doc. 85). An appropriate Order follows.

Robert D. Mariani
United States District Judge

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | CIVIL NO. 3:CV-11-0054 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | |
| Defendants | : | |

### ORDER

**AND NOW,** to wit, this 28th day of **DECEMBER, 2011,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Motion to Compel (Doc. 61) is **DENIED**.

2.    Plaintiff's Motion for Leave to Supplement his Amended Complaint (Doc. 64) is **DENIED**.

3.    Plaintiff's Motion to Compel the Court to Rule (Doc. 85) on his Motions (Docs. 61, 64) is **DENIED** as moot.

Robert D. Mariani
United States District Judge